UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

LUIS FIGUEROA,

                           Petitioner,

            v.                                        9:21-CV-0595
                                                           (GLS)

WARDEN, FCI RAY BROOK,

                           Respondent.

_____

APPEARANCES:                            OF COUNSEL:

LUIS FIGUEROA
16277-069
Petitioner, pro se
Ray Brook Federal Correctional Institution
PO Box 900
Ray Brook, NY 12977

GARY L. SHARPE
United States Senior District Judge

**DECISION and ORDER**

## I.     INTRODUCTION

     Petitioner Luis Figueroa filed a petition for a writ of habeas corpus pursuant to 28

U.S.C. § 2241, as well as an application to proceed in forma pauperis (IFP).  Dkt. No. 1,

Petition ("Pet."); Dkt. No. 1-1, Memorandum of Law; Dkt. No. 2, IFP Application.  He is

confined at the Federal Correctional Institution (FCI) in Ray Brook, New York.

     On May 25, 2021, this action was administratively closed due to petitioner's failure to

properly commence the case by either paying the statutory filing fee or filing a properly

certified IFP application.  Dkt. No. 3, Order Directing Administrative Closure.  Petitioner

subsequently remitted the statutory filing fee, and the case was reopened. Dkt. Entry of June

29, 2021 (indicating receipt number for paid filing fee); Dkt. No. 4, Text Order (reopening

case).

## II.    RELEVANT BACKGROUND

### A.    Underlying Criminal Conviction

Petitioner previously filed a habeas petition pursuant to 28 U.S.C. § 2241 in this Court

which, on October 30, 2018, was dismissed as successive. *Figueroa v. Fernandez*, No.

9:18-CV-1024 (LEK/DJS), 2018 WL 5620418 (N.D.N.Y. Oct. 30, 2018) ("*Figueroa IV*").

Petitioner's criminal history was previously described in detail in that opinion. *Id.*, 2018 WL

5620418, at *1. The relevant details are as follows:

> On February 29, 2000, after a trial before the United States
> District Court for the District of New Jersey, the jury found Petitioner
> guilty of conspiracy to distribute cocaine. *United States v. Figueroa*,
> No. 98-CR-105 (D.N.J. March 31, 2003) ("*Figueroa I*"), ECF No. 442.
> The jury did not make any finding regarding the quantity of cocaine
> involved in the conspiracy. *Figueroa v. United States*, No. 04-CV-1424
> (D.N.J. June 30, 2005) ("*Figueroa II*"), ECF No. 13 at 2.
>
> About four months after the verdict, and before Petitioner was
> sentenced, the Supreme Court decided *Apprendi v. New Jersey*, 530
> U.S. 466 (2000). *Apprendi* held that "[o]ther than a fact of a prior
> conviction, any fact that increases a penalty beyond the prescribed
> statutory maximum must be submitted to a jury, and proved beyond a
> reasonable doubt." 530 U.S. at 490. In response to *Apprendi*, the
> court empaneled a second jury, over the objection of Petitioner's trial
> counsel . . . , to determine the quantity of cocaine involved in the
> conspiracy. *Figueroa II*, ECF No. 13 at 3–5. On February 10, 2003,
> the second jury found that Petitioner participated in a conspiracy to
> distribute five kilograms or more. *Figueroa I*, ECF No. 602. The
> finding increased Petitioner's maximum sentence from twenty years to
> life in prison. 21 U.S.C. § 841(A)(b)(1)(ii) & (C).
>
>       . . . On March 27, 2003, Petitioner entered into a plea
> agreement with the Government in which he agreed to drop his appeal

and waive his right to appeal or attack his sentence under 28 U.S.C. § 2255. *Id*. In exchange, the Government agreed to recommend a prison term of 35 years, instead of life, in prison. *Figueroa II*, Dkt. No. 13 at 6. The court accepted the agreement and, on March 31, 2003, sentenced Petitioner to 420 months (35 years) in prison, five years of supervised release, and a $10,000 fine. *Figueroa I*, ECF No. 618. Petitioner has indicated he did not appeal his sentence or conviction. *Figueroa v. Meeks*, No. 1:17-CV-284, 2017 WL 9289433, at *1 (D.S.C. Feb. 21, 2017).

*Id.*

### B.     Filings in the District Court of New Jersey

On March 29, 2004, petitioner moved to vacate his judgment under 28 U.S.C. § 2255. *Figueroa II*, Dkt. No. 1. Petitioner argued "that asking a second jury to find him guilty of a greater offense that would have resulted in a life sentence implicated doubly jeopardy," and, specifically, his counsel was ineffective because he "advised [petitioner] to take the plea, stating that there was no merit to a claim of double jeopardy concerning the empanelment of a sentencing jury after *Apprendi*." *Figueroa v. United States*, No. 1:04-CV-1424, 2005 U.S. Dist. LEXIS 48301, at *7-*8 (D.N.J. June 30, 2005) (hereinafter *"Figueroa III"*).

The court denied the motion. It held that petitioner "entered into the plea agreement knowingly and voluntarily, and certainly there would be no miscarriage of justice in enforcing the agreement," and that "[e]ven considering that [petitioner] has mounted this collateral attack by arguing that his plea was not knowing and voluntary because it was the result of ineffective assistance of counsel, the case will [still] be dismissed." *Id.* at *13-14. Further "the court reached the merits and found that [petitioner's counsel's ] failure to re-raise the double jeopardy argument the court had already rejected, and his advice to plead guilty instead of facing life in prison, did not make him ineffective." *Figueroa IV*, 2018 WL

3

5620418, at \*2 (citing *Figueroa III*, 2005 U.S. Dist. LEXIS 48301, at \*14-\*15 (internal

quotation marks omitted)).  On April 27, 2006, the United States Court of Appeals for the

Third Circuit denied petitioner's request for a certificate of appealability.  *Figueroa II*, Dkt. No.

25.

> From 2005 to 2014, Petitioner filed seven motions either for relief
> from the judgment or for reconsideration, all of which the court denied.
> *Id.*, ECF Nos. 17, 27, 29, 33, 39, 45, 54.  The Third Circuit denied his
> requests for certificates of appealability, finding that "jurists of reason
> would not debate the ... denial[s] of [petitioner's] motion[s]."  *Id.*, ECF
> Nos 44, 59.  Petitioner subsequently filed two more notices of appeal,
> *id.*, ECF Nos. 60, 62, and an amended complaint, *id.*, ECF No. 65.
> Shortly thereafter, the court directed the clerk not to accept any
> further filings from Petitioner in the matter.  *Id.*, ECF No. 67.  It
> concluded that "Petitioner's claims ha[d] been fully and fairly
> adjudicated," and that "[h]is continued, frequent filings are
> inappropriate because the docket is closed."  *Id.* "Accordingly, the
> [c]ourt f[ound] that the ... Clerk ... should no longer be burdened by
> accepting, scanning, and filing submissions that have no legally
> cognizable purpose."  *Id.*

*Figueroa IV*, 2018 WL 5620418, at \*2.

### C.    Other Habeas Petitions and Motions Collaterally Attacking Petitioner's Conviction

Petitioner filed a habeas petition in this Court pursuant to § 2241 which, on April 22,

2019, was also dismissed as successive.  *See Figueroa v. Fernandez*, No. 9:19-CV-0373

(GLS), 2019 WL 1762584 (N.D.N.Y. Apr. 22, 2019) ("*Figueroa V*").  In that opinion, this Court

provided a detailed history of all of the additional motions petitioner filed collaterally attacking

his conviction in addition to petitioner's prior habeas petitions.  *Id.* at \*2-\*4.

Petitioner has filed several challenges to his underlying criminal conviction; however,

as is relevant to the present petition and the current arguments of actual innocence,

petitioner filed a subsequent habeas petition pursuant to 28 U.S.C. § 2241, in this Court,

asserting the same claim.  In *Figueroa IV*, this Court held that petitioner "d[id] not discuss the evidence before either jury or argue that it was or is insufficient to prove the conspiracy"; thus, his contentions of actual innocence were inadequate to constitute the rare circumstances required to award relief.  *Figueroa IV*, 2018 WL 5620418 at *4.  Consequently, the Court lacked jurisdiction to provide relief.  *Id.*

Moreover, while advanced only in the Memorandum of Law, petitioner's claims that his conviction is unconstitutional due to Double Jeopardy violations have similarly already been addressed in several prior petitions.  *See Figueroa IV*, 2018 WL 5620418 at *4 (explaining that petitioner's arguments pertaining to the violation of his Double Jeopardy rights had been "presented in his many previous motions, including his original § 2255 motion, which the District of New Jersey rejected and dismissed after considering the merits[.]").

## III.   THE PRESENT PETITION

Petitioner again challenges the validity of his 2003 judgment of conviction and sentence, from the District of New Jersey.  Pet. at 1-2.  Petitioner contends that he is entitled to relief because he is actually innocent and 21 U.S.C. § 841(b)(1)(a) is unconstitutional.  *Id.* at 2.  Petitioner admits that "28 USC 2255 is adequate and effective.  However, Petitioner very respectfully request[s] this Honorable Court to excuse Petitioner's default claim under a fundamental miscarriage of justice or a miscarriage of justice standard in order to correct a fundamentally injust [*sic*] incarceration."  *Id.* at 5.

Specifically, petitioner contends that his actual innocence stems from being guilty of a lesser-included offense and "[t]he fraudulent misrepresentation by the United States Government of their rights to conduct the procedings [sic] that produced the waiver of

5

appeal[.]"  Pet. at 6-7.  In his attached Memorandum of Law, petitioner continues to explain

that "because Conspiracy to Possess with Intent to Distribute Cocaine . . . is a lesser-

included offence of 841(b)(1)(6) and 841(b)(1)(a) [it] therefore is the same offence for Double

Jeopardy purpose[s], and a conviction of one normally precludes the other."  Dkt. No. 1-1 at

4.

## IV.    DISCUSSION

A federal prisoner may challenge his detention under 28 U.S.C. §§ 2241 and 2255.

*See* 28 U.S.C. § 2255; *Adams v. United States*, 372 F.3d 132, 134 (2d Cir. 2004); *Chambers*

*v. United States*, 106 F.3d 472, 474 (2d Cir. 1997).  Section 2255 is the proper mechanism

for prisoners to attack the imposition of a sentence "on the grounds that it was 'imposed in

violation of the Constitution.'"  *Morales v. United States*, 635 F.3d 39, 42-43 (2d Cir. 2011)

(quoting 28 U.S.C. § 2255(a)); *see Adams*, 372 F.3d at 134.  A motion pursuant to section

2255 must be brought in the sentencing court.  *See Boumediene v. Bush*, 553 U.S. 723, 775

(2008) (holding that section 2255 directs claims challenging a federal sentence on the

ground that it was imposed in violation of the Constitution or laws of the United States "not to

the court that had territorial jurisdiction over the place of the petitioner's confinement but to

the sentencing court, a court already familiar with the facts of the case"); *Williams v. Winn*,

No. 4:05-CV- 4010, 2005 WL 1541099, at *1 (D. Mass. June 30, 2005) ("[As] Section 2255 is

the correct vehicle for challenging the legality of a sentence . . . this Court is without

jurisdiction under section 2241 to correct petitioner's sentence.").  If the motion is denied, a

petitioner may seek to appeal the district court's decision in the appropriate court of appeals

for the district of sentencing.  Rule 11, Rules Governing Section 2255 Proceedings For the

United States District Courts); Fed. R. App. P. 4(a) (governing time to take an appeal); Fed. R. App. P. 22 (governing appeals in "Habeas Corpus and Section 2255 Proceedings.").

By contrast, section 2241 is the proper vehicle to challenge the execution of a sentence. *See Adams*, 372 F.3d at 135. For example, a petitioner may use a section 2241 petition to challenge a federal official's computation of a sentence, parole decisions, or prison disciplinary actions. *See Cook v. N.Y. State Div. of Parole*, 321 F.3d 274, 278 (2d Cir. 2003); *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001). Petitions filed under section 2241 must name the petitioner's warden as respondent and be filed in the district of the petitioner's confinement. *See* 28 U.S.C. § 2241(a); *Rumsfeld v. Padilla*, 542 U.S. 426, 435, 447 (2004).

In rare circumstances, a federal prisoner may challenge the validity of his or her conviction under section 2241 if he or she can show that the remedy under section 2255 is "inadequate or ineffective to test the legality of his [or her] detention." 28 U.S.C. § 2255(e); *Cephas v. Nash*, 328 F.3d 98, 104 (2d Cir. 2003); *Triestman v. United States*, 124 F.3d 361, 373-74 (2d Cir. 1997). The Second Circuit discussed this "savings clause" provision at length in *Triestman* and cautioned that its remedy is narrow and exists solely "to preserve habeas corpus for federal prisoners in those extraordinary instances where justice demands it." 124 F.3d at 378 (citations omitted). Section 2255 is "inadequate or ineffective" only when the failure to allow collateral review would raise serious constitutional questions because the prisoner "(1) can prove 'actual innocence on the existing record,' and (2) 'could not have effectively raised [his] claim[s] of innocence at an earlier time.'" *Cephas*, 328 F.3d at 104 (quoting *Triestman*, 124 F.3d at 363); *see Adams*, 372 F.3d at 135 (holding that the remedy under section 2255 is "*not* inadequate or ineffective simply because the prisoner cannot

7

meet the AEDPA's gate-keeping requirements, so long as the claim the prisoner seeks to

raise was previously available to him on direct appeal or in a prior § 2255 petition");

*Triestman*, 124 F.3d at 376 ("If it were the case that any prisoner who is prevented from

bringing a § 2255 petition could, without more, establish that § 2255 is 'inadequate or

ineffective,' . . . then Congress would have accomplished nothing at all in its attempts –

through statutes like the AEDPA – to place limits on federal collateral review.").

While this proceeding is allegedly brought pursuant to § 2241, it is actually a § 2255

petition in disguise. As noted above, petitioner has already filed a habeas petition pursuant

to § 2255, in the District of New Jersey, as well as several additional habeas petitions,

including, most recently, in this Court. In the present petition, petitioner again asserts a

challenge to the same criminal conviction addressed in his prior habeas petitions. Further,

he specifically advances claims about actual innocence and arguments based upon

violations of Double Jeopardy, the exact same claims which were previously discussed and

dismissed in several prior habeas petitions. *See Figueroa IV*, 2018 WL 5620418, at *2, *4

(citing *Meeks,* 2017 WL 9289433, at *2). As a result, this petition is second or successive.[1]

When a petitioner files a section 2241 petition

> in an attempt to evade § 2255's limits on second or successive
> petitions, and when the petitioner has already had a prior § 2255
> petition dismissed on the merits . . . the district court can treat the

---

[1] Ordinarily, when a district court recharacterizes a pro se petitioner's filing "as a first § 2255 motion[,]" the court must "notify the pro se litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has." *Castro v. United States*, 540 U.S. 375, 383 (2003). The notice requirements do not apply to federal prisoners, like petitioner, who had one or more prior section 2255 motions dismissed on the merits because petitioner is already subject to the gate keeping provisions that require certification from the appropriate court of appeals before any second or successive motion may be considered by the district court. *See Adams*, 372 F.3d at 136; *Roccisano v. Menifee*, 293 F.3d 51, 58 (2d Cir. 2002).

> § 2241 petition as a second or successive § 2255 petition and refer the petition to [the appropriate Court of Appeals] for certification or, if it is plain from the petition that the prisoner cannot demonstrate that a remedy under § 2255 would be inadequate or ineffective to test the legality of his detention, the district court may dismiss the § 2241 petition for lack of jurisdiction.

*Adams*, 372 F.3d at 136 (citations omitted); *see Cephas*, 328 F.3d at 104 n.5 ("[I]f it concludes that it lacks jurisdiction over a § 2241 petition, a district court always has the option just to dismiss it.").

Petitioner cannot escape the bar to successive petitions and test the validity of his conviction or sentence to pursuant to section 2241. First, petitioner admits that 2255 is an adequate and available remedy, so he cannot also then challenge his sentence pursuant to 2241. Even if petitioner made a mistake and intended to indicate that 2255 was *in*adequate, petitioner again recycles the same arguments previously dismissed; thus, the argument was plainly available to petitioner during the course of his first § 2255 petition and was subsequently made during his additional habeas petitions. *See Cephas*, 328 F.3d at 105 ("[W]here. . . petitioner invokes § 2241 jurisdiction to raise claims that clearly could have been pursued earlier, or where his asserted innocence is plainly belied by the record, then the savings clause of § 2255 is not triggered and dismissal of the § 2241 petition for lack of jurisdiction is warranted."). Accordingly, the Savings Clause is inapplicable. *See Adams*, 372 F.3d at 135 (denying entitlement to § 2241 where petitioner not only could have raised some of his arguments in prior proceedings, but actually did raise them); *Cephas*, 328 F.3d at 104 (quoting *Triestman*, 124 F.3d at 363).

Further, petitioner advances no other arguments to elevate his case to the rare circumstance the Savings Clause contemplates. Petitioner's conclusory allegations that he is

a victim of injustice and that his conviction is unlawful, and, therefore, he is actually innocent,

is plainly belied by his habeas litigation history.  His bald assertion of actual innocence does

not now make it true; therefore, petitioner has failed to establish that this exception applies.

*See Cephas*, 328 F.3d at 105 (dismissing § 2241 petition for lack of jurisdiction where

petitioner has a "patent inability to establish" actual innocence pursuant to the record).

In sum, the Court again lacks jurisdiction to entertain petitioner's § 2241 petition

because he is not challenging the execution of his sentence and he has failed to

demonstrate that § 2255 is inadequate or ineffective to test the legality of his detention.  *See*

*Cephas*, 328 F.3d at 104; *Triestman*, 124 F.3d at 363, 378.  Accordingly, the petition is

dismissed.[2]

## V.    CONCLUSION

**WHEREFORE**, it is

**ORDERED** that the petition (Dkt. No. 1) is **DISMISSED** for lack of jurisdiction; and it is

further

**ORDERED** that the Clerk serve a copy of this Decision and Order upon petitioner in

accordance with the Court's Local Rules of Practice.

July 1, 2021
Albany, New York

Gary L. Sharpe
Gary L. Sharpe
U.S. District Judge

---

[2]  For the reasons discussed herein, transferring this action to the Third Circuit would be a permissible disposition; however, the Court declines to transfer the case to the Third Circuit because the petition plainly does not meet the requirements imposed by 28 U.S.C. § 2255(h) for filling a second or successive section 2255 petition. *See* 28 U.S.C. § 2255(h)(1)-(2) (requiring that a "second or successive motion" be certified by the appropriate court of appeals to contain either "newly discovered evidence . . . sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable"). Petitioner fails to advance any credible claims of actual innocence; he instead attempts to revive arguments previously raised by him in other habeas petitions challenging the same criminal conviction.  The claims were rejected.  For the reasons stated above, the Court therefore concludes that dismissal of the petition is appropriate.